Matter of Tulchinskaya v Gilman (2025 NY Slip Op 01099)

Matter of Tulchinskaya v Gilman

2025 NY Slip Op 01099

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-06658
 (Docket No. O-10009-20)

[*1]In the Matter of Alla Tulchinskaya, respondent,
v
Iraida Gilman, appellant.

The Law Offices of Olga Suslova, P.C., Brooklyn, NY, for appellant.
Greg C. Gorodetsky, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Iraida Gilman appeals from an order of fact-finding and disposition of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated June 21, 2024. The order of fact-finding and disposition, after a hearing, found that Iraida Gilman committed the family offense of stalking in the fourth degree and directed her to comply with the terms of an order of protection.
ORDERED that the appeal is dismissed, without costs or disbursements.
An appellant is obligated to assemble a proper record on appeal, which must include any relevant transcripts of proceedings before the hearing court or trial court (see CPLR 5525; Matter of Camarda v Charlot, 208 AD3d 1323, 1323). Here, the appellant's failure to provide this Court with all of the relevant transcripts of the Family Court hearing renders the record on appeal inadequate to enable this Court to reach an informed determination on the merits. Accordingly, the appeal must be dismissed (see Matter of Dodd v Dodd, 217 AD3d 863, 863; Matter of Camarda v Charlot, 208 AD3d at 1323).
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court